IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **IN RE: TOTAL BODY FORMULA** | : | |
| **PRODUCTS LIABILITY LITIGATION** | : | Docket No. 2:08-CV-01946-RDP |
| | : | |
| **MDL 1985** | : | **THIS DOCUMENT RELATES TO:** |
| | : | *Walsh, et al., v. Total Body Essential* |
| | : | *Nutrition, et al. (*2:09-04890*)* |
| | : | |
| | : | |
| | : | **JURY TRIAL DEMANDED** |

## COUNTERCLAIM OF WRIGHT ENRICHMENT, INC.

Comes now Defendant Wright Enrichment, Inc., ("Wright Enrichment") and pursuant to Federal Rules of Civil Procedure hereby asserts the following Counterclaim against Cross-Claim Plaintiff Texamerican Food Blending, Inc. As grounds therefore, Wright Enrichment states as follows:

## PARTIES

1.  Defendant/Counterclaim Plaintiff, Wright Enrichment is a Louisiana corporation with its principal place of business in Crowley, Louisiana.

2.  Cross-Claim Plaintiff/Counterclaim Defendant, Texamerican Food Blending, Inc. ("Texamerican Blending") is a Texas corporation with its principal place of business in Hot Springs, Arkansas.

## JURISDICTION

3.  Wright Enrichment asserts this Counterclaim against Texamerican Blending pursuant to Rule 13 of the Federal Rules of Civil Procedure. Rule 13(a) provides that "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any

opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

## FACTUAL ALLEGATIONS

4. The claims Rose Marie Walsh ("Plaintiff") has brought against Wright Enrichment in the above referenced action are based upon the allegations that Plaintiff purchased and/or consumed the product known as Total Body Formula and/or Total Body Mega Formula (collectively "Total Body Formula") and suffered severe and adverse reactions as a result of its consumption.

5. Plaintiff further alleges that the severe and adverse reactions she suffered were the result of excess levels of selenium contained in Total Body Formula.

6. Total Body Formula was manufactured by Texamerican Blending. Texamerican Blending ordered a vitamin mineral dry mix ("dry mix") from Wright Enrichment. Wright Enrichment prepared the dry mix according to specifications provided by Texamerican Blending.

7. After preparing the dry mix according to the specifications provided by Texamerican Blending, Wright Enrichment shipped the dry mix to Texamerican Marketing, Inc. and billed Texamerican Marketing, Inc. for the shipment.

8. Texamerican Blending mixed the dry mix with other ingredients to manufacture Total Body Formula into its liquid and final form. Texamerican Blending then bottled the completed Total Body Formula and sent it to Total Body Essential Nutrition ("Total Body") for distribution.

9. Defendant Total Body purchased Total Body Formula from the manufacturer, Texamerican Blending, and distributed it to Plaintiff and others through retail outlets and direct sales.

10. On January 13, 2010, Texamerican Blending asserted a cross-claim against Wright

Enrichment for indemnity. In its cross-claim, Texamerican Blending generally claims that its negligence, if any, was merely passive and was secondary to the primary negligence of Wright Enrichment. As Texamerican Blending is now an opposing party due to the filing of its cross-claim, Wright Enrichment is obligated to assert any claims that it has against Texamerican Blending in its response to Texamerican Blending's cross-claim.

11.    Pennsylvania law allows indemnity by a co-defendant where "a person who, without active fault on his own part, has been compelled by reason of some legal obligation to pay damages occasioned by the negligence of another." *Burbage v. Boiler Engineering & Supply Co.*, 249 A.2d 563, 567 (Pa. 1969).

12.    Other than preparation of the dry mix pursuant to specifications provided by Texamerican Blending, Wright Enrichment had no involvement or participation in creating, manufacturing, processing, testing or distributing the Total Body Formula consumed by Plaintiff. Any alleged fault, liability and/or negligence of Wright Enrichment, the existence of which Wright Enrichment denies, would be based only upon the acts committed by Texamerican Blending and the proximate or primary cause of any injuries claimed by Plaintiff and/or Total Body would be based upon the tortious conduct of Texamerican Blending in the creation, manufacture, inspection, testing and quality control of Total Body Formula.

13.    Further, any alleged fault and/or negligence of Wright Enrichment, the existence of which Wright Enrichment denies, was passive and secondary to the primary and active fault and/or negligence of Texamerican Blending in the creation, manufacture, inspection, testing and quality control of Total Body Formula. The active nature of Texamerican Belnding's fault is reflected by, among other things, Texamerican Blending's concealment of, and deliberate failure to disclose to Wright Enrichment and the consuming public, the fact that Texamerican Blending's own employees

tested samples of the product prior to distribution and sale of the product to consumers and those tests caused sickness in all or most of those employees. Had Texamerican Blending not actively concealed the results of that testing, Total Body Formula would never have been sold to consumers.

14. If Wright Enrichment should be found liable to Plaintiff related to the claims made by them in the above-referenced case, then Wright Enrichment's liability would be the result of the tortious conduct of Texamerican Blending. If liability is found against Wright Enrichment, fairness would demand that the burden of paying for the loss should be shifted to Texamerican Blending.

15. Accordingly, based upon the facts set forth above, Wright Enrichment hereby counterclaims against Texamerican Blending to the full extent and amount of any judgment which is rendered against it, together with the fees and costs of defending this action.

**TRIAL BY JURY DEMANDED**

CHRISTIAN & SMALL, LLP

By: */s/:  M. Alex Goldsmith*
505 20th Street North
Suite No. 1800
Birmingham, Alabama
35203-2696

**CERTIFICATE OF SERVICE**

This is to certify that I, M. Alex Goldsmith, an Attorney in the law offices of Christian & Small, have this 29th day of March, 2010, in addition to the electronic service made when this document was electronically filed, served a true and correct copy of the foregoing **COUNTER CLAIM OF WRIGHT ENRICHMENT** upon all parties by depositing same in the United States mail, first class, postage prepaid, addressed as follows:

    Matthew C. Gaughan, Esquire
    LEVIN, FISHBEIN, SEDRAN & BERMAN
    510 Walnut Street
    Suite 500
    Philadelphia, PA 19106
    (*Counsel for Plaintiff: Rose Marie Walsh*)

    Donald F Ivansek
    **GLOOR LAW GROUP LLC**
    225 West Wacker Drive, Suite 1700
    Chicago, IL 60606
    divansek@gloorlaw.com
    Sellenbecker@gloorlaw.com
    *(Counsel for Defendant: Texamerican Food Blending, Inc.)*

    Rodney R. Cate
    **HAND ARENDALL, LLC**
    RSA Tower
    P.O. Box 123
    Mobile, AL 36601
    rcate@handarendall.com
    *(Counsel for Defendant Total Body Essential Nutrition, Inc.)*

    */s/: M. Alex Goldsmith*
    _____
    M. Alex Goldsmith